UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRON DANIELS, *et al.*, | CASE NO. 1:17-cv-01510-AWI-BAM |
| Plaintiffs, | SCREENING ORDER GRANTING LEAVE TO AMEND |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*, | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Darron Daniels ("Plaintiff") is a state prisoner proceeding pro se and in forma paueris, in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on November 9, 2017, is currently before the Court for screening. (Doc. No. 1.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to

1

indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Allegations in Plaintiff's Complaint

Plaintiff purports to bring this action on behalf of himself and three other inmates: Travis Washington, Jr., Omar Samuels, and Michael Anthony Miller. Plaintiff and the other inmates are housed at the California Substance Abuse Treatment Facility ("CSATF") located in Corcoran, California. Plaintiff names the following defendants: (1) California Department of Corrections and Rehabilitation ("CDCR"); (2) Scott Kernan, CDCR Secretary; (3) California Attorney General; (4) Parole Board Hearing; (5) S. Kane, CSATF Parole Representative; (6) T. Jones, CSATF case record analyst supervisor; (7) Stuart Sherman, CSATF Warden; (8) the California State Superior Courts; and (9) Does 1-10.

Plaintiff alleges that on November 9, 2016, California voters adopted California Constitution Article I, Section 32 ("Proposition 57") as law, which purportedly declares that inmates are to serve only their primary offense. Plaintiff contends that since its adoption, defendants have failed to cause Proposition 57's language to be given effect by way of moratorium, and thus remedy is with the courts. Plaintiff was informed by Defendants Kane and Jones that they lack jurisdiction to effectuate California Constitution Article I, Section 32.

In August 2017, Plaintiff submitted a CDCR 22 form to Defendant Kane, requesting recall of commitment recommendation circumstances. Plaintiff asserts that recall eligibility requirements have been satisfied. Defendant Kane allegedly failed or refused to initiate recall of the commitment recommendation in violation of Plaintiff's due process rights. Plaintiff further alleges that Defendant Jones and his subordinates responded to the CDCR 22 form and ignored the mandate requiring

2

eligibility for release and referral to the Parole Hearing Board. Plaintiff has petitioned, filed administrative appeals, CDCR 22 forms and letters indicating to defendants that they have denied him a parole hearing and Proposition 57 consideration in violation of his due process rights.

Plaintiff purports to bring claims for violation of the California Constitution, along with claims for violation of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks declaratory and injunctive relief.

**III. Discussion**

As discussed more fully below, Plaintiff's complaint fails to state a cognizable claim. Plaintiff, however, will be given leave to amend his complaint.

**A. Class or Representative Action**

Plaintiff seeks to bring a class action or representative action on behalf of other inmates. However, he may not do so. A non-attorney proceeding pro se may bring his own claims to court, but he may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (constitutional claims are personal; non-attorney has no authority to appear as an attorney for others than himself); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo, 213 F.3d at 1321. Therefore, this action will be construed as an individual civil suit brought by Plaintiff rather than as a class or other representative action.

**B. Linkage and Eleventh Amendment**

Plaintiff sues several State entities for alleged constitutional violations.

**1. Lack of Linkage**

Most of Plaintiff's allegations fail to assert the requisite causal link between the challenged conduct, a specific defendant, and a clearly identified constitutional violation. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676–7; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his

3

rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676–77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dep't of Corrs. & Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013).

**2. Institutional Defendants**

Plaintiff names the CDCR, California State Superior Courts, Parole Hearing Board, and the Attorney General for the State of California as defendants in this action.

Plaintiff is informed that the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against state agencies (such as CDCR) and individual prisons, absent "a waiver by the state or a valid congressional override . . . ." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). "However, under *Ex Parte Young*, 209 U.S. 123 [ ] (1908), the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities[,]" Fireman's Fund, 302 F.3d at 957 n. 28 (internal quotation and citation omitted), or, in appropriate instances, in their individual capacities, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269 (1997) (citing Ex Parte Young, 209 U.S. at 123).

In any amended complaint that he may file, Plaintiff should carefully consider who he may properly name as a defendant in this action.

4

**C. Proposition 57**

On November 8, 2016, the California voters approved The Public Safety and Rehabilitation Act of 2016—Proposition 57—and it took effect the next day. People v. Marquez, 11 Cal.App.5th 816, 821, 217 Cal.Rptr.3d 814 (Cal. App. 2017); Cal. Const., Art. II, § 10(a). Proposition 57 added Article 1, section 32 to the California Constitution. That section provides, in relevant part, "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).) Proposition 57 only provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings (Cal. Const. Art. I, Sec. 32(a)).

The Eastern District of California appears to be the only federal court that has had cause to screen a section 1983 complaint with similar allegations. See Herrera v. Cal. State Superior Courts, No. 1:17-cv-386-AWI-BAM, 2018 WL 400320 (E.D. Cal. Jan. 12, 2018); McCarary v. Kernan, No. 2:17-cv-1944 KJN P, 2017 WL 4539992 (E.D. Cal. Oct. 11, 2017); Jones v. Cal. State Superior Courts, No. 1:17-cv-00232-DAD-BAM (PC), 2017 U.S. Dist. LEXIS 166506 (E.D. Cal. Oct. 5, 2017) (finding that no federal court has addressed the issue of Proposition 57 on screening); cf. Hemingway v. CDCR, No. 2:17-cv-0534-JAM-CMK-P, 2017 U.S. Dist. LEXIS 212819 (E.D. Cal. Dec. 28, 2017) (court noted that Plaintiff's complaint challenging the application of Proposition 57 had not been screened by the court, but suggested that to the extent that the complaint challenged Plaintiff's conviction it is not cognizable under § 1983). California state court cases addressing application of Proposition 57 are unpublished decisions (See Cal. Rules of Court 8.1115). They, nonetheless, uniformly state that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing, and does not entitle Plaintiff to seek relief in court in the first instance. Indeed, the plain language of Art. I, sec. 32 provides that a person is eligible for "parole consideration." Any determination as to Plaintiff's right to parole under Proposition 57 must be made, in the first instance, by the appropriate agency.

Further, Plaintiff's claim is not cognizable under §1983 as it asserts only a violation or misinterpretation of state law. Section 1983 provides a remedy only for violation of the Constitution or law or treaties of the United States. Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts). State courts "are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). Plaintiff has not alleged that he qualifies for parole consideration under the requirements of Proposition 57.

**D. A Section 1983 Lawsuit Cannot Challenge Duration**

To the extent Plaintiff seeks to challenge the duration or fact of his sentence, his sole federal remedy is a writ of habeas corpus, and a lawsuit under 42 U.S.C. § 1983 is inappropriate. Preiser v. Rodriguez, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1989) ("Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.").

As explained below, in a § 1983 lawsuit, Plaintiff is restricted to limited procedural challenges and cannot proceed if he seeks to challenge the validity or duration of his sentence. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) ("§ 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner . . . habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement."). Federal courts may order a new parole suitability hearing only under very limited circumstances that are not alleged here. See Swarthout, 562 U.S. at 219-20 (federal courts may not intervene in parole decision if minimum procedural protections were provided, i.e., an opportunity to be heard and a statement of the reasons why parole was denied). Thus, Plaintiff's claims are not cognizable to the extent he is seeking to order his immediate or speedier release.

**E. Due Process—Fourteenth Amendment**

The Due Process Clause of the Fourteenth Amendment does not provide any right "to be conditionally released before the expiration of a valid sentence, and the States are under no duty to

offer parole to their prisoners." Swarthout, 562 U.S. at 220. When a state enacts a statutory scheme allowing parole, however, the state creates a liberty interest and "the Due Process Clause requires fair procedures for its vindication." Id. The liberty interest at issue here is the interest in receiving parole consideration when the California standards for parole have been met, and the minimum procedures adequate for due-process protection of that interest. Swarthout, 562 U.S. at 221. In the context of parole, the Supreme Court has held that the procedures required are minimal. Swarthout, 562 U.S. at 220 (internal citations omitted); see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision . . . .") (emphasis in original).

The Court is not convinced that there is mandatory language in Proposition 57 creating a constitutionally protected liberty interest in parole eligibility, of which Plaintiff cannot be deprived without due process. Compare Miller, 642 F.3d 711 (holding that Oregon's murder review statute creates a liberty interest in early parole eligibility). Parole consideration of a person who is eligible under Proposition 57 is discretionary and is a matter of state law. Plaintiff may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). The violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Nonetheless, the Court will grant Plaintiff leave to amend to allege that standards for parole have been met, and the minimum procedures adequate for due-process protection of that interest have not been met, to the extent Plaintiff can do so in good faith.

**G. State Claims**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Although the court may exercise

supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In this instance, Plaintiff fails to state a claim for relief on his federal claims for violations of 42 U.S.C. § 1983. Liberally construing the claims in the complaint, it appears that Plaintiff is bringing state law claims for false imprisonment. As Plaintiff has failed to state any cognizable federal claims in this action, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law causes of action. See 28 U.S.C. § 1367(c)(3). Leave to amend will be granted.

**V. Conclusion and Order**

For the reasons discussed above, Plaintiff's complaint fails state a claim upon which relief may be granted under section 1983. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff Darron Daniels a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and

///

///

8

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 18, 2018**   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE